**IN THE UNITED STATES DISTRICT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **JAMES MUSE**<br>*PLAINTIFF* | **CIVIL ACTION NO: 5:25-cv-00167** |
| **VS.** | |
| **TARGET CORPORATION**<br>*DEFENDANT* | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, **JAMES MUSE**, by and through his attorney, and hereby files this Complaint against Defendant, **TARGET CORPORATION,** for this cause of action and would respectfully show unto the Court the following:

## I. PARTIES

**1.1** Plaintiff, **JAMES MUSE,** is an individual residing in San Antonio, Bexar County, Texas.

**1.2** Defendant, **TARGET CORPORATION**, is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Minnesota with a principal place of business at 1010 Dale St., N. Saint Paul, MN 55117. Defendant may be served through their Registered Agent, **CT CORPORATION SYSTEM**, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found. ISSUANCE and SERVICE of citation is requested over this Defendant at this time.

## II. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION & VENUE

**2.1** This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). Specifically, there is diversity of citizenship between Plaintiff and Defendant, **TARGET CORPORATION** and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**2.2** This Court has personal jurisdiction over Defendant **TARGET CORPORATION** as the incident in question occurred in Bexar County, in the State of Texas.

**2.3** Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district.

## III. PLAINTIFF'S NARRATIVE

**3.1** At all relevant times Plaintiff was an invitee at Defendant **TARGET CORPORATION'S** store #2426 located at 5355 W. Loop 1604 N., San Antonio, Texas 78253.

**3.2** On or about November 18, 2023, Plaintiff **JAMES MUSE**, suffered serious injuries while standing in the toy section of **TARGET CORPORATION** when he was suddenly and without warning hit from behind by a return cart. The return cart was stacked with boxes so high that it obstructed the view of the **TARGET CORPORATION** employee who was operating it. As a result of this incident, **JAMES MUSE** suffered serious personal injuries and has incurred substantial medical treatment and expenses.

**3.3** Plaintiff's injuries were caused by a lack of reasonable care on the part of

**TARGET.** The incident occurred when **JAMES MUSE** was hit from behind by a return cart operated by an employee of **TARGET CORPORATION.** No adequate warnings or other measures were taken to prevent this type of foreseeable danger or to protect customers, like Plaintiff, from such known dangers.

**3.4** **TARGET CORPORATION** failed to implement proper safety measures and training for its employees regarding the safe operation of return carts, particularly when stacked with items that obstruct the operator's views. This negligence created a hazardous condition for customers shopping in the store.

**3.5** The Defendant, **TARGET CORPORATION**, had a duty to maintain a safe environment for its customers and failed to do so by allowing an employee to operate a dangerously overloaded return cart in areas frequented by shoppers. This breach of duty directly resulted in the injuries sustained by the Plaintiff **JAMES MUSE.**

## IV. CAUSES OF ACTION

### CAUSES OF ACTION AS AGAINST DEFENDANT TARGET CORPORATION

### A. NEGLIGENCE/NEGLIGENT ACTIVITY

**4.1** Defendant, **TARGET CORPORATION**, owed these legal duties to the Plaintiff, among others: 1) to use ordinary care in maintaining the premises and property in a safe condition; 2) to use ordinary care in maintaining the premises and property in a safe condition by inspecting the premises and property for any dangerous conditions and by making safe any latent defect or giving warning of any such defect; 3) the duty to exercise reasonable care to avoid a foreseeable risk of injury to others; 4) the duty to not conduct activity which would create a dangerous condition on the premises.

**4.2** Defendant **TARGET CORPORATION** breached its duties to the Plaintiff, and Defendant's active, affirmative and contemporaneous negligence created an unreasonably dangerous condition which caused personal injury to Plaintiff. The Defendants' breach of these duties proximately caused injury to the Plaintiff, resulting in extensive personal injury to the Plaintiff. The Plaintiff seeks unliquidated damages which are within the jurisdictional limits of this court.

**4.3** Each of these acts and/or omissions, whether taken singularly or in any combination constitute, negligence, negligence per se, and gross negligence which proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff **JAMES MUSE** suffered; and which Plaintiff **JAMES MUSE** will continue to suffer in the future, likely for the remainder of his natural life.

**B. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

**4.4** At all relevant times herein, all of the agents, servants, or employees of Defendant **TARGET CORPORATION** who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendant **TARGET CORPORATION** and render Defendant **TARGET CORPORATION** liable for all damages suffered by Plaintiff **JAMES MUSE** under the doctrine of *respondeat superior* because these agents, servents, or employees were guilty of negligence towards Plaintiff **JAMES MUSE** in the following respects:

a. Failure to keep their premises reasonably safe for their customers;

b. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

c. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

d. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

e. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

f. Failure to enforce policies for inspecting the premises for unreasonably dangerous conditions;

g. Permitting a dangerous condition, of which Defendants should have reasonably been aware, to exist for an unreasonable period of time;

h. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

i. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

j. Failure to adequately train their employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

k. Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

l. Failure to use or implement products or equipment designed and intended to prevent or reduce the risk of slipping and/or falling as a result of substances on the floor area in question.

**C. <u>NEGLIGENCE OF EMPLOYEES</u>**

**4.5** Plaintiff alleges that upon the occasion in question, the Defendant's employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

a. Failure to keep the premises reasonably safe for its customers;

b. Failure to reasonably and adequately train employees on the dangers of overloading return carts, creating any unreasonably dangerous condition;

c. Failure to take proper and reasonable actions to eliminate any unreasonably dangerous conditions; and

d. Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

**B. <u>GROSS NEGLIGENCE</u>**

**4.6** As set out above, Defendant's actions constitute not only negligence, but also gross negligence. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence

involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

**4.7** Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff **JAMES MUSE**, and others similarly situated. As a result, each of Defendant's acts and omissions constitute gross negligence and Plaintiff **JAMES MUSE** is entitled to the recovery of exemplary damages.

**4.8** By reason of all the above, Plaintiff **JAMES MUSE** suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which Plaintiff **JAMES MUSE** now sues.

**D. PREMISES LIABILITY**

**4.9** In the alternative to the extent required, Plaintiff was an invitee at the time of the injury because he was a customer at the Defendant's facility and was using the Defendant's premises and property at issue with Defendant's knowledge and for their benefit. Because Defendant's business and property was open to the public, the Defendants extended an invitation to the Plaintiff. Defendant thus owed the Plaintiff the duty to inspect the premises and property and maintain them in a reasonably safe manner.

**4.10** The condition of the premises and property posed an unreasonable risk of harm. Plaintiff was injured on the property causing extensive personal injury. Defendant knew or reasonably should have known of the condition of the premises and property because Defendant stacked the return cart with boxes so high

it obstructed the view of sight. The Defendant breached the duty of care by both failing to make the condition reasonably safe and failing to adequately warn the Plaintiff of the condition. The Defendant's breach caused the Plaintiff's injuries.

## E. GROSS NEGLIGENCE

**4.11** As set out above, Defendant's actions constitute not only negligence, but also gross negligence. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

**4.12** Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff **JAMES MUSE**, and others similarly situated. As a result, each of Defendant's acts and omissions constitute gross negligence and Plaintiff **JAMES MUSE** is entitled to the recovery of exemplary damages.

**4.13** By reason of all the above, the Plaintiff suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which Plaintiff now sues.

## V. DAMAGES

**5.1** Defendant's acts have been producing and proximate causes of damages to Plaintiff within the jurisdictional limits of this Court.

**5.2** As a direct and proximate result of the negligent conduct of the Defendant, Plaintiff has suffered severe bodily injuries to his shoulders, neck, back and other

parts of his body. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.

**5.3** Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not the remainder of his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this injury throughout his body for a long time in the future, likely for the balance of his natural life.

**5.4** As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

**5.5** As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges for this treatment are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**5.6** As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

**5.7** By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now file suit.

**5.8** As a consequence of the injuries sustained by the Plaintiff, he has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause her to suffer long into the future, if not for the balance of his natural life, all due to the damages in an amount that exceeds the jurisdictional limits of this Court for which he now sues.

## VI. INTEREST

**6.1** Plaintiff further requests both prejudgment and post judgment interest on all her damages as allowed by law.

## VII. REQUEST FOR JURY TRIAL

**7.1** Plaintiff demands that this case be decided by a jury as allowed by FED. R. CIV. P. 38. Plaintiff acknowledges payment of the required jury fee.

## VIII. NOTICE OF AUTHENTICATION OF DOCUMENTS PURSUANT TO FEDERAL COURT

**8.1** Plaintiff hereby provides actual notice to Defendant that Plaintiff will use any or every document produced by each and every Defendant in response to written discovery, in a pretrial proceeding, or at trial. Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, any Defendant's production of a document in response to written discovery authenticates the document for use against that Defendant or any other Defendant, unless- within ten (10) days or a longer or shorter time ordered by the court- Defendant objects to the authenticity of the document, or any part of it, stating

the specific basis for its objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## IX. CONDITIONS PRECEDENT

**9.1** Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, R. 54, Plaintiff states that all conditions precedent to suit have been performed or have occurred, and that every notice required by law to be given has been properly and timely provided.

## X. PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**10.1** Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of this Court, together with

all pre-judgment and post-judgment interest allowed by law, costs of Court, and for such other further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Physical pain sustained in the past;
2. Mental anguish sustained in the past;
3. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;
4. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;
5. Physical impairment sustained in the past;
6. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;
7. Medical care expenses sustained in the past;
8. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;
9. Loss of consortium;
10. Prejudgment interest;
11. Post-judgment interest;
12. Exemplary damages;
13. Past lost wages;
14. Loss of Future Wage-Earning Capacity;
15. Disfigurement sustained in the past; and
16. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

**RESPECTFULLY SUBMITTED,**

**DESOUZA INJURY LAWYERS**
4047 NACO PERRIN
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

***BY: /S/ Justin Tuck***
JUSTIN TUCK
STATE BAR NO: 24137254
WDTX: ADMITTED
justin@jfdlawfirm.com

**ATTORNEY FOR PLAINTIFF**